United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 26, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50596
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WON HWA CHI MOORE, also known as Won H. Moore,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-242-ALL
--------------------

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Won Hwa Chi Moore appeals her two-year prison sentence

following her guilty-plea conviction of third-offense driving

while intoxicated, imposed pursuant to the Assimilative Crimes

Act, 18 U.S.C. § 13, and TEX. PENAL CODE §§ 49.04 and 49.09(b).

For the first time on appeal, Moore contends that the

district court violated her due process rights by sentencing her

under the allegedly mistaken belief that she faced a mandatory

minimum two-year prison sentence under Texas law, when in fact

she was eligible to be sentenced alternatively to community

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervision and a term of confinement of only 10 to 180 days
under TEX. CODE CRIM. PROC. ANN. art. 42.12. We review the claim
for plain error only.** See United States v. Olano, 507 U.S.
725, 735-36 (1993); United States v. Bourgeois, 423 F.3d 501, 506
(5th Cir. 2005), cert. denied, 126 S. Ct. 2020 (2006)
(constitutional challenge raised for the first time on appeal is
reviewable for plain error only).

The record does not support Moore's allegation that the
district court was not aware of the various sentencing
alternatives. The alternative of community supervision was noted
in Moore's presentence report. At sentencing, the Government
recommended a sentence of only 60 days of confinement, and the
court asked for, and received, confirmation that Moore did
not face a mandatory minimum sentence of two years. Because the
factual allegations underlying Moore's due process challenge are
not supported by the record, she has not shown error, plain or
otherwise.

The judgment of the district court is AFFIRMED.

---

** Moore's having filed a timely FED. R. CRIM. P. 35(a) motion
for correction of sentence was not sufficient to preserve this
issue for appeal. No due process contention was raised therein.
In any event, Rule 35(a) is reserved for correction of
"arithmetical, technical, or other clear error." The authority
to correct a sentence under Rule 35(a) is "very narrow" and is
not "intended to afford the court the opportunity to reconsider
the application or interpretation of sentencing guidelines or for
the court simply to change its mind about the appropriateness of
the sentence." See Rule 35, 1991 Advisory Committee Notes
addressing former Rule 35(c); see also United States v. Lopez, 26
F.3d 512, 520-21 (5th Cir. 1994).